Bobby Dell **HOLLINGSWORTH** and Tillie Hollingsworth, Plaintiffs,

v.

**ANDERSON–TULLY COMPANY,** Defendant.

No. 4:95CV248–S–B.

United States District Court, N.D. Mississippi, Greenville Division.

Oct. 16, 1996.

E. Tucker Gore, Greenville, MS, Willard McIlwain, Greenville, MS, for Plaintiffs.

Frank S. Thackston, Jr., Greenville, MS, for Defendant.

## OPINION

SENTER, Chief Judge.

In this admiralty case, plaintiffs, Bobby Dell and Tillie Hollingsworth, seek relief under the Jones Act and general maritime law or, alternatively, under the Longshore and Harbor Workers' Compensation Act for personal injuries Mr. Hollingsworth received while attempting to untangle the cables of a crane. Presently before the court is defendant's motion for summary judgment.

### FACTS

Bobby Dell Hollingsworth began working for the defendant, Anderson–Tully Company, in July, 1994. Anderson–Tully is in the business of logging and processing hard wood timber which is cut along the banks of the Mississippi River and other navigable streams. After a brief training period, Holl-

ingsworth was assigned to Derrick Boat 17, a floating river barge, which was equipped with living quarters; a Prentiss loader, which functioned as a crane; and other mechanical devices that were used in Anderson–Tully's logging operations. Derrick Boat 17 was customarily moved by inland river towboats to locations on the shore of the Mississippi River adjacent to where logging operations were then being conducted. Hollingsworth's duties with Anderson–Tully included driving a front-end loader and moving logs to the edge of the riverbank. The operator of the Prentiss loader would then pick up the logs and place them onto a river barge secured to the outside of Derrick Boat 17.

On October 15, 1994, Derrick Boat 17 was moved ten miles from its location on Ashbrook Island to Lake Ferguson because a loaded log barge had sunk. The plan was to use Derrick Boat 17 to pick up the floating logs and reload them onto an empty barge. The next morning, someone discovered that the cables on the boom of the Prentiss loader were fouled, preventing the boom from fully extending down to the edge of the water and extracting the logs. In an attempt to disentangle the cables and return them to their proper positions, Hollingsworth climbed out onto the boom; however, the grapple on the end of the boom fell, and a buckle through which the cables ran moved, striking Hollingsworth in the mouth and slamming the back of his head against the boom. As a result of his injuries, Hollingsworth underwent extensive plastic, dental, and skull surgery and the replacement of his six upper front teeth.

## DISCUSSION

### I.

In his first claim for relief, Hollingsworth contends that he is a seaman and therefore entitled to protection under the Jones Act, 46 App.U.S.C. § 688. Anderson–Tully disputes that contention and requests summary dismissal of any claims arising under the Jones Act or general maritime law, arguing that Hollingsworth was a longshoreman who performed only minimal seaman tasks while assigned to Derrick Boat 17.

The "essential requirements for seaman status are twofold." *Chandris, Inc. v. Latsis,* —— U.S. ——, ——, 115 S.Ct. 2172, 2189, 132 L.Ed.2d 314, 337 (1995). First, the employee's duties must contribute to the function of the vessel or to the accomplishment of its mission. *Chandris,* —— U.S. at ——, 115 S.Ct. at 2189, 132 L.Ed.2d at 337. Second, "a seaman must have a connection to a vessel in navigation ... that is substantial in terms of both its duration and its nature." *Id.*

> The fundamental purpose of this substantial connection requirement is to give full effect to the remedial scheme created by Congress and to separate the sea-based maritime employees who are entitled to Jones Act protections from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea.

*Id.*

In determining whether an employee meets the substantial connection factor, the court must look to the totality of the circumstances of the individual's employment, as the "duration of a worker's connection to a vessel and the nature of the worker's activities, taken together determine whether a maritime employee is a seaman...." *Id.* at ——, at 2190, at 338. Although "seaman status is not *merely* a temporal concept ... it necessarily includes a temporal element." *Id.* at ——, at 2191, at 339. Indeed, "[a] maritime worker who spends only a small fraction of his working time on board a vessel is fundamentally land-based and therefore not a member of the vessel's crew, regardless of what his duties are." *Id.* From that premise, the general rule has evolved that a maritime worker who spends less than 30 percent of his time in service of the vessel does not qualify as a Jones Act seaman. *Id.*

In this case, Anderson–Tully is willing, for purposes of this motion only, to concede the first element of the *Chandris* test, i.e., that Hollingsworth contributed to the function of Derrick Boat 17 as a vessel

and to the accomplishment of its mission. It directs the court's attention instead to the second prong of the *Chandris* test, arguing that Hollingsworth's connection to Derrick Boat 17 was not substantial either in terms of its duration or its nature. In support of its position, Anderson–Tully analyzed the tasks that Hollingsworth performed aboard Derrick Boat 17, which included filling the water tank, checking the oil in the generator and the fuel in the diesel tank, washing the deck, and moving barges (as opposed to his "principal" job which was operating a forklift) and estimated the time necessary to complete these tasks based on the accepted and undisputed calculations of Hollingsworth and his co-workers. This exercise resulted in an estimation that Hollingsworth spent no more than 10 percent of his time performing traditional seaman tasks aboard Derrick Boat 17. In response, Hollingsworth, citing a plethora of pre-*Chandris* cases, argues not that the estimation is mathematically inaccurate but that it is an improper division of his time in light of the fact that all of his duties "were 100% in contribution to the function of this special purpose vessel and completion of its logging mission" and that it overlooks time spent by Hollingsworth operating the skiff, painting Derrick Boat 17, helping the towboats make tow, and watching and pumping barges while at one of the logging sites. He offers no evidence of the time spent performing these other tasks.

█ The court does not take issue with Hollingsworth's contention that everything he did aided Derrick Boat 17 in the accomplishment of its goals; however, that is a separate consideration from the second prong of the *Chandris* test, which this court believes is dispositive of the question of Hollingsworth's seaman status. Indeed, in this court's view, *Chandris* mandates the type of task analysis that Anderson–Tully has suggested in this case. When the court considers "the small fraction of [Hollingsworth's] working time [that was spent] on board" Derrick Boat 17, *id.* at ——, at 2191, at 339, in light of the totality of the circumstances of his employment, it becomes clear that Hollingsworth was "simply a land-based employee who happen[ed] to be working on the vessel" at the time of his injury. *Id.* at ——,

at 2190, at 338. Under *Chandris*, the fact that Hollingsworth's injuries occurred while he was aboard the vessel is irrelevant since "land-based maritime workers do not become seamen [merely] because they happen to be working on board a vessel when they are injured...." *Id.* at ——, at 2186–87, at 332–33.

After careful consideration, the court is of the opinion that Anderson–Tully is entitled to summary dismissal of the Jones Act claim. As noted previously, Hollingsworth does not offer any evidence to rebut Anderson–Tully's time estimates or otherwise to raise a genuine issue of material fact as to his entitlement to seaman status. Therefore, as there is no genuine issue of material fact, and defendant is entitled to judgment as a matter of law, defendant's motion for summary judgment on the Jones Act claim is granted and that claim is dismissed with prejudice.

II.

In his alternative claim for relief, Hollingsworth argues that if he is found to be a longshoreman rather than a seaman, then he is entitled to maintain a direct action against Anderson–Tully as the owner of Derrick Boat 17 under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901. In response, Anderson–Tully argues that although Hollingsworth was clearly a longshoreman, he may not maintain an action against it for negligence, as, at the time of Hollingsworth's accident, it was acting in its capacity as a longshoring operation, not as a vessel owner.

█ Under 33 U.S.C. § 904, a longshoreman may receive compensation benefits from his employer for a work-related injury without regard to fault; however, he may not sue his employer in tort based on that same injury. *Levene v. Pintail Enterprises, Inc.,* 943 F.2d 528, 531 (5th Cir.1991), *cert. denied,* 504 U.S. 940, 112 S.Ct. 2274, 119 L.Ed.2d 201 (1992). Complications arise under the LHWCA, however, when the employer acts in the dual capacity of employer and vessel owner, as in this case. In that situation, the employer "retains its immunity for acts taken in it capacity as employer, but may still be

sued 'qua vessel' for acts of vessel negligence," *Levene,* 943 F.2d at 531, based on the three broad duties which a vessel owner owes a longshoreman. *Id.* at 533. These duties include: (1) exercising ordinary care "to have the ship and its equipment in such condition that an expert and experienced stevedore will be able ... to carry on its cargo operations with reasonable safety," (2) warning the stevedore of hidden dangers, and (3) intervening with regard to obvious dangers if the owner "acquires actual knowledge that a condition of the vessel or its equipment poses an unreasonable risk of harm and if the vessel owner acquires knowledge that the stevedore is not exercising reasonable care to protect its employees." *Id.* While section 905(b) of Title 33 permits an action against the vessel owner for vessel negligence, it bars suit against the vessel owner when the injury was caused by the negligence of the longshoreman's fellow servant. *Id.* at 532.

█ Therefore, the question of Hollingsworth's entitlement to continue this action against Anderson–Tully hinges on whether the company was acting in its capacity as vessel owner or as longshoreman/ship repairer. From a review of the memoranda, the controversy related to that question centers around Paul Henry, a logging superintendent for Anderson–Tully. The company maintains that at the time of Hollingsworth's accident, Henry, who was present "[t]o direct and supervise the operation of getting the logs out of the harbor and loaded on the barges," was acting solely as a longshoreman, not as an agent of the vessel. Hollingsworth, of course, argues the contrary, focusing on Henry's position as a senior supervisor (and Anderson–Tully's 30(b)(6) designee), who, in this case, made the decision regarding the repair of the Prentiss loader.

Having carefully considered the evidence presented and the applicable case law, the court finds that Anderson–Tully's motion for summary judgment on the LHWCA claim is not well taken. Although it has greater flexibility in evaluating a summary judgment motion in a nonjury case, such as this, than in a jury case, the court cannot, without more factual development and additional legal argument, determine which hat Paul Henry was wearing—longshoreman or agent of the vessel owner—when he made the decision to allow Hollingsworth to attempt the repair to the Prentiss loader. That decision must be left to another day. To aid the court in its eventual decision, the parties are directed to provide the court with proposed findings of fact and conclusions of law no later than the beginning of trial on Monday, October 21.

## CONCLUSION

After careful consideration of the evidence, the applicable case law, and the argument of counsel, the court finds that plaintiff was not a seaman at the time of his accident and is thus not entitled to Jones Act protection. Defendant's motion for summary judgement on that claim is therefore granted. As to plaintiff's claim under the Longshore and Harbor Workers' Compensation Act, the court finds that summary judgment is not appropriate as there are genuine issues of material fact, and defendant is not entitled to judgment as a matter of law. An appropriate order shall issue.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to an opinion filed contemporaneously herewith, it is ORDERED:

That the motion of defendant Anderson–Tully Company for summary judgment is granted in part and denied in part;

That all claims based on the Jones Act are hereby dismissed with prejudice.